IN RE VALIDATION OF $50,000 SERIAL FUNDING BONDS OF CLARKE COUNTY.

(Division B. Feb. 5, 1940.)

[193 So. 449. No. 34020.]

**Hal Case,** of Quitman, and **W. E. Morse,** of Jackson, for appellant.

**Witherspoon & Witherspoon,** of Meridian, for appellee.

518

Argued orally by **W. E. Morse**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from a decree of the Chancery Court of Clarke County, Mississippi, dismissing a validation proceeding for $50,000 funding bonds of the county.

On the 4th day of September, 1939, the board of supervisors, in a regular meeting, passed an order adjudging the county owed claims against it for general county purposes, including caring for paupers, officers' salaries, elections, court, etc., $11,860.74; for supplies, material, and labor for roads and bridges for Beats 1, 2, 3, 4, and 5, $41,116.54; making a total of $52,977.28; and further adjudging that there was no money in the treasury to pay such claims. A list of the outstanding legal and undisputed obligations of the county were certified to by the chancery clerk, which list showed that they were due by virtue of the laws of the State, that the board of supervisors had adjudged them to be legal, undisputed claims against the county and that the funds in the treasury were insufficient to pay them.

The board recited in its order that said obligations were accumulated, a deficit arising out of the administration of the county affairs for several years past; that Section 5977 of the Code of 1930 provides that the board of supervisors shall issue serial bonds for the purpose of paying obligations; that the total bonded indebtedness against the county was $32,500; that the total assessed valuation of the county was $3,698,881; and ad-

judged that each and every claim was an outstanding legal and undisputed obligation of the county. The board ordered the issuance of $50,000 funding bonds which were to bear the date of September 1, 1939, in denominations of $500 each, numbered from 1 to 100, consecutively, the interest not to exceed 6% per annum, payable semi-annually; and adjudicated the fact that the said bonds should not exceed any statutory or constitutional limitation. The order also provided that the said bonds should be validated under Section 313, Chapter 10, Code of Mississippi of 1930; and that the clerk transmit the order and transcript of proceedings to the state bond attorney for his opinion and certificate of the legality of the issue. The clerk, in accordance therewith, made up and certified to the state bond attorney the proceedings of the board in regard to said bond issue; and the board adjourned until the 13th day of September, at which time it was to consider all matters pertaining to the issuance and sale of the said bonds.

The state bond attorney rendered his opinion showing that the proceedings of the board were legal and that the bond issue would be valid. A transcript of the proceedings was filed with the chancery court for the validation of said bonds; notice was given of said proceedings under order of the chancellor of the court of the district, setting the 18th day of September, 1939, at the courthouse of Clarke County for the hearing; and directing the giving of notice to the taxpayers of the county as provided by law. Notice was thereupon given by publication of the hearing to be held on the 18th day of September, 1939, on which date objections, if any, would be filed and heard. The notice appeared in the Clarke County Tribune on September 8, 1939, and proof of publication was duly filed. Thereupon, certain taxpayers of the county, through their attorneys, filed objections to the validation of the said bonds, and undertook to file a bill of exceptions with the board of supervisors of the county seeking an appeal to the circuit court; in which bill were set up

many objections to the allowance of the accounts as well as matters which were claimed would render the indebtedness involved void, specifying that allowances to many persons were void for many reasons, among which no docket of claims was kept by the board showing such accounts and that many of the allowances did not refer to the section of the Code or laws under which the claims were allowed. The bill of exceptions was dated September 18, 1939, but the record does not show that it was sworn to, although the jurat of the Circuit Clerk of Clarke County was attached. The bill of exceptions was not complete and indicated matters to be inserted. A sample of said blanks is here set forth:

"Upon the request of attorneys for the objectors the Minutes of the September term of the Board of Supervisors were read to the Board in connection with said objections which said minutes were in words and figures, to-wit:

"(Here copy all minutes of Board of Supervisors part of record sent to State Bond Attorney.)

"Thereupon attorneys for objectors offered in evidence in support of their objections all the original claims to pay which said bonds are proposed to be validated and sold which claims are in words and figures, to-wit:

"(Here copy all original claims).

"Whereupon objectors offered in evidence the budget for 1938-1939 adopted by the board of supervisors of Clarke County.

"(Here copy from—

"Whereupon the Objectors produced T. B. Howard as a witness in behalf of Objectors, who being first duly sworn testified as follows:—

"(Here copy testimony of T. B. Howard as shown by stenographer's notes)"

Other witnesses were named and their testimony directed to be copied under parenthesis similar to that of Mr. Howard's, and then prayed "For as much as the foregoing do not appear of record, the objectors by their

attorneys present to the President of the Board of Supervisors of Clarke County this their Bill of Exceptions, and ask that the same be signed by him; which is accordingly done this ———————— day of September, 1939.

"_____

President of Board of
Supervisors Clarke County
Mississippi."

This was marked "Filed September 18, 1939, John L. Hunter, Chancery Clerk of Clarke County, Mississippi."

. Said taxpayers then filed objections in the Chancery Court of Clarke County, setting forth their objections to the validation proceeding in which it was alleged that none of the claims, accounts or supposed obligations mentioned in the resolution of the board are valid, legal or undisputed obligations of Clarke County; but that, on the contrary, all of said supposed obligations and indebtednesses are earnestly disputed by a large number of taxpayers and resident citizens; and that they are interested in opposing an increase of the bonded indebtedness of the county, in conserving the revenues and preserving waste by improper allowances.

It was then alleged that the objectors had filed with the clerk of the board of supervisors of Clarke County, Mississippi, written objections to all of said supposed indebtednesses and asked that the objections be taken and considered as if the same had been copied verbatim in the objections; that these taxpayers further objected to the issuance and validation of said proposed issue of $50,000 serial funding bonds of Clarke County because the resolutions and records submitted to the state bond attorney failed to state necessary facts to confer jurisdiction upon the chancery court to validate said bonds; and further alleged that the records failed to show that all said indebtedness of the county, when added to the amount of the proposed bonds to be issued, would not exceed 10% of the assessed value of property in said county. . They disputed and denied the correctness and

legality of each and every supposed obligation, their grounds being set up in their objections filed with the clerk of the board as an exhibit to their objections; and alleged that they were entitled to produce witnesses as to the illegality and incorrectness of said accounts; to have said testimony taken and transcribed by a stenographer and made a matter of record. They filed a petition with the clerk of the board to appeal to the circuit court of the county from any order approving or allowing said claims and accounts, and tendered an appeal bond, conditioned as required by law; asking that the chancery court refuse to enter a decree validating the bond issue; that the chancellor dismiss the proceedings; and prayed for other relief.

The items set forth in the tendered bill of exceptions to the board cover many distinct claims of different persons, and the said taxpayers seek to appeal to the circuit court from all of the allowances or orders of the board in reference to such claims. The appeal bond sought to be filed was not an appeal bond from each allowance or from each claim, and the persons who presumably held claims were not made parties to the motion filed with the clerk to have such orders set aside; and furthermore the record shows that the bill of exceptions filed with the clerk was not complete, nor was it signed by the president of the board of supervisors. We think the effort to appeal to the circuit court was improper, not only because the bill of exceptions failed to set forth the facts in full and was not signed by the president of the board as the law requires, but items which should have been entered and a statement as to their correctness was left to the clerk. It was also ineffective because the chancery court had acquired jurisdiction of the validation proceedings, had the power in such case to pass upon the legality of all the obligations sought to be adjudged as outstanding legal indebtednesses, to pass upon the whole matter of the legality of the proposed bond issue, and to all of the obligations sought to be embraced or cared for by the bond

issue. The chancery court having acquired jurisdiction of the whole matter, no appeal could be allowed to the circuit court pending the proceeding in the chancery court. The chancellor held that parties were entitled to appeal to the circuit court, and that the taxpayers had a right to resort to mandamus to compel the president of the board of supervisors to sign the bill of exceptions, and dismissed the validation proceedings. We are of opinion that the chancery court erred in doing so. It had jurisdiction of the whole subject matter of validation and could determine all questions properly presented by the pleadings in that proceeding. The record does not show that individual objections in individual appeals were set up in the bill of exceptions, but the bill sought to contest all of the orders and proceedings of the board. A party having a claim to be allowed or having been allowed by the board is an interested party on an appeal to the circuit court, and separate appeals from all orders must be prosecuted where an appeal is taken, and such bill of exceptions must either be filed during the court term or meeting of the board of supervisors or within such time as the law or the board may allow for filing such bill and appeal. If may be proper to observe that the right of a taxpayer to prosecute appeals in such cases to matters in which he has no pecuniary or property interest is limited, and also that the failure to cite the section of the Code under which the claim is to be allowed may render such claim valid by the subsequent citation of the appropriate section. The terms void and voidable are sometimes used interchangeably.

The chancery court having power to pass upon the legality of the bond issue in all respects, including the various claims constituting the alleged indebtednesses, it should not have dismissed the validation proceeding, but should have proceeded to have issues made up and the whole matter adjudged as might appear proper under the evidence produced. Consequently, we cannot render a decree here because the case was not developed to the

extent that we could issue an order either finally validating or rejecting the application to validate such bonds. Therefore, the cause will be reversed and remanded to the chancery court for further proceedings.

Reversed and remanded.